### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

PATRICK CAMPBELL,

      Plaintiff,

v.                                              Case No:   6:18-cv-157-Orl-37GJK

ALPHA TELEKOM, LLC, a foreign
limited liability company, and ANGEL P.
GONZALEZ, individually,

      Defendants.

_____

### REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT**<br><br>**(Doc. No. 35)** |
| **FILED:** | **November 15, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

I.    <u>**BACKGROUND.**</u>

On January 30, 2018, Plaintiff filed a Complaint against Defendant, for unpaid wages, regular and overtime, pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq.   Doc. No. 1.   Plaintiff filed an Amended Complaint on February 5, 2018, and alleged FLSA and Florida Minimum Wage Act violations and a common law claim for unpaid wages. Doc. No. 5. On August 16, 2018, Plaintiff filed Answers to Court's Interrogatories.   Doc. No. 24.   On November 15, 2018, the parties filed a Joint Motion for Court Approval of Settlement Agreement ("the Motion").   Doc. No. 35.

## II.   <u>LAW</u>.

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id.*; *see also Sammons v. Sonic-North Cadillac, Inc.*, No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked Court approval or supervision by the Secretary of Labor). Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Store*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994);

*Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan.

8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The

Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton

v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee

agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J.

Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of

the contingent fee agreement; for it may well be that Congress intended that an employee's

recovery should be net[.]")). In *Silva*, the Eleventh Circuit stated:

> That Silva and Zidell entered into a contingency contract to establish
> Zidell's compensation if Silva prevailed on the FLSA claim is of
> little moment in the context of FLSA. FLSA requires judicial review
> of the reasonableness of counsel's legal fees to assure both that
> counsel is compensated adequately and that no conflict of interest
> taints the amount the wronged employee recovers under a settlement
> agreement. FLSA provides for reasonable attorney's fees; the
> parties cannot contract in derogation of FLSA's provisions. *See
> Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged
> by contract or otherwise waived.") (quotation and citation omitted).
> To turn a blind eye to an agreed upon contingency fee in an amount
> greater than the amount determined to be reasonable after judicial
> scrutiny runs counter to FLSA's provisions for compensating the
> wronged employee. *See United Slate, Tile & Composition Roofers
> v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.
> 1984) ("the determination of a reasonable fee is to be conducted by
> the district court regardless of any contract between plaintiff and
> plaintiff's counsel"); *see also Zegers v. Countrywide Mortg.*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

*Silva*, 307 F. App'x at 351-52.[2] For the Court to determine whether the proposed settlement is reasonable, counsel for the claimant must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and his counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *See id.*   As the Court interprets *Lynn's Food* and *Silva*, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternate means of demonstrating the reasonableness of attorney's fees and costs was set forth in *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[3] From a purely economic standpoint, defendants are largely indifferent as to how their settlement proceeds are divided as between plaintiffs and their counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

> compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Bonetti*, 715 F. Supp. 2d at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney's fees is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.* The undersigned finds this reasoning persuasive.

## III.  <u>ANALYSIS.</u>

### A.  Settlement Amount.

This case involves disputed issues of FLSA liability, which constitutes a bona fide dispute. Doc. No. 35 at 1-3. The parties are represented by independent counsel. *Id.* at 3. Under the Agreement, Plaintiff is receiving $5,500 in unpaid wages and $5,900 in liquidated and other damages, including per diem reimbursements and expenses.   Doc. Nos. 14-1 at ¶ 2 a and 24 at 2-3. In his answers to court interrogatories, Plaintiff claimed he was owed a total amount of $21,513.07.   Doc. No. 24 at 2-3.

Since Plaintiff is receiving less than the amounts he claimed in his answers to the court's interrogatories, he may have compromised his claim under the FLSA. *See Caseres v. Texas de Brazil (Orlando) Corp.*, 6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at *2 (M.D. Fla. April. 2, 2014) ("Because [plaintiff] will receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*."). After receiving sufficient information to make informed decisions, the parties decided to settle their dispute. Doc. No. 35 at 3. Considering the foregoing, and the strong presumption

favoring settlement, even if Plaintiff compromised his claims, the settlement amount is fair and reasonable.

**B.  Attorney's Fees and Costs.**

Under the Agreement, Plaintiff's counsel will receive $7,600 in attorney's fees and costs. Doc. No. 35 at 3. The parties represent that attorney's fees and costs were negotiated separately from Plaintiff's recovery. Doc. No. 35 at 2. The settlement is reasonable on its face, and the parties' representation adequately establishes that the issue of attorney's fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Thus, the Agreement is a fair and reasonable settlement of Plaintiff's FLSA claim.

**IV.   <u>CONCLUSION.</u>**

Accordingly, it is **RECOMMENDED** that the Court enter an order as follows:

1.   **GRANTING** the Motion (Doc. No. 35); and

2.   **DISMISSING the case with prejudice**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida, on November 16, 2018.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties